IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| PARALLEL NETWORKS, LLC<br><br>    Plaintiff,<br><br>    v.<br><br>ABERCROMBIE & FITCH CO.;<br>AMAZON.COM, INC.;<br>BLOCKBUSTER, INC.;<br>BMW OF NORTH AMERICA, LLC;<br>DELL INC.;<br>DISNEY ENTERPRISES, INC.;<br>EBAY, INC.;<br>EUROMARKET DESIGNS, INC.;<br>FORD MOTOR CO.;<br>THE GAP, INC.;<br>J.C. PENNEY CORPORATION, INC.;<br>JPMORGAN CHASE & CO.;<br>KAYAK SOFTWARE CORP.;<br>KMART CORP.;<br>MAGHOUND ENTERPRISES, INC.;<br>NETFLIX, INC.;<br>NIKE, INC.;<br>OFFICE DEPOT, INC.;<br>ORBITZ, LLC;<br>ORBITZ AWAY, LLC;<br>ORBITZ WORLDWIDE, INC.;<br>ORBITZ WORLDWIDE, LLC;<br>SEARS BRANDS, LLC;<br>SEARS HOLDINGS CORP.;<br>SEARS, ROEBUCK AND CO.;<br>TIME, INC;<br>TOYOTA MOTOR SALES USA, INC.; AND<br>VOLKSWAGON OF AMERICA, INC.<br><br>    Defendants. | Civil Action No. _____<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>JURY TRIAL DEMANDED |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Parallel Networks, LLC files this Original Complaint for Patent Infringement

against ABERCROMBIE & FITCH CO.; AMAZON.COM, INC.; BLOCKBUSTER, INC.;

BMW OF NORTH AMERICA, LLC; DELL INC. D/B/A DELL COMPUTER, INC. D/B/A DELL COMPUTER F/K/A DELL COMPUTER CORP.; DISNEY ENTERPRISES, INC.; EBAY, INC.; EUROMARKET DESIGNS, INC. D/B/A CRATE & BARREL; FORD MOTOR CO.; THE GAP, INC. A/K/A GAP, INC. D/B/A ATHLETA, BANANA REPUBLIC, GAP, OLD NAVY AND PIPERLIME; J.C. PENNEY CORPORATION, INC.; JPMORGAN CHASE & CO.; KAYAK SOFTWARE CORP. D/B/A KAYAK.COM; KMART CORP.; MAGHOUND ENTERPRISES, INC.; NETFLIX, INC.; NIKE, INC.; OFFICE DEPOT, INC.; ORBITZ, LLC D/B/A GORP, ORBITZ AND/OR ORBITZ GAMES; ORBITZ AWAY, LLC D/B/A GORP, ORBITZ AND/OR ORBITZ GAMES; ORBITZ WORLDWIDE, INC. D/B/A GORP, ORBITZ AND/OR ORBITZ GAMES; ORBITZ WORLDWIDE, LLC D/B/A GORP, ORBITZ AND/OR ORBITZ GAMES; SEARS BRANDS, LLC; SEARS HOLDINGS CORP.; SEARS, ROEBUCK AND CO.; TIME, INC.; TOYOTA MOTOR SALES USA, INC. and  VOLKSWAGON GROUP OF AMERICA, INC. (collectively "Defendants").

## **PARTIES**

1.      Parallel Networks LLC ("Parallel Networks" or "Plaintiff") is a Texas Limited Liability Company with its place of business at 100 E. Ferguson Street, Suite 602 in Tyler, Texas.

2.      Defendant ABERCROMBIE & FITCH CO. is, on information and belief, a corporation with a place of business at 6301 Fitch Path in New Albany, Ohio.

3.      Defendant AMAZON.COM, INC. is, on information and belief, a corporation with a place of business at 1200 12th Avenue South, Suite 1200 in Seattle, Washington.

4.      Defendant BLOCKBUSTER, INC. is, on information and belief, a corporation with a place of business at 1201 Elm Street in Dallas, Texas.

2

5.      Defendant BMW OF NORTH AMERICA, LLC is, on information and belief, a corporation with a place of business at 300 Chestnut Ridge Road in Woodcliff Lake, New Jersey.

6.      Defendant DELL INC. D/B/A DELL COMPUTER, INC. D/B/A DELL COMPUTER F/K/A DELL COMPUTER CORP. is, on information and belief, a corporation with a place of business at One Dell Way in Round Rock, Texas.

7.      Defendant DISNEY ENTERPRISES, INC. F/K/A THE WALT DISNEY CO. is, on information and belief, a corporation with a place of business at 500 South Buena Vista Street in Burbank, California.

8.      Defendant EBAY, INC. is, on information and belief, a corporation with a place of business at 2145 Hamilton Avenue in San Jose, California.

9.      Defendant EUROMARKET DESIGNS, INC. D/B/A CRATE & BARREL ("CRATE & BARREL") is, on information and belief, a corporation with a place of business at 1250 Techny Road in Northbrook, Illinois.

10.     Defendant FORD MOTOR CO. is, on information and belief, a corporation with a place of business at One American Road in Dearborn, Michigan.

11.     Defendant THE GAP, INC. A/K/A GAP, INC. D/B/A ATHLETA, BANANA REPUBLIC, GAP, OLD NAVY AND PIPERLIME ("GAP") is, on information and belief, a corporation with a place of business at Two Folsom Street San Francisco, California

12.     Defendant J.C. PENNEY CORPORATION, INC. is, on information and belief, a corporation with a place of business at 6501 Legacy Drive in Plano, Texas.

13.     Defendant JPMORGAN CHASE & CO. is, on information and belief, a corporation with a place of business at 270 Park Avenue in New York.

14.     Defendant KAYAK SOFTWARE CORP. D/B/A KAYAK.COM ("KAYAK") is, on information and belief, a corporation with a place of business at 55 North Water Street, Suite 1 in Norwalk, Connecticut.

15.     Defendant KMART CORP. is, on information and belief, a corporation with a place of business at 3333 Beverly Road in Hoffman Estates, Illinois.

16.     Defendant MAGHOUND ENTERPRISES, INC. is, on information and belief, a corporation with a place of business at 1271 Avenue of the Americas in New York, New York.

17.     Defendant NETFLIX, INC. A/K/A NETFLIX.COM, INC. is, on information and belief, a corporation with a place of business at 100 Winchester Circle in Los Gatos, California.

18.     Defendant NIKE, INC. is, on information and belief, a corporation with a place of business at One Bowerman Drive in Beaverton, Oregon.

19.     Defendant OFFICE DEPOT, INC. is, on information and belief, a corporation with a place of business at 2200 Old Germantown Road in Delray Beach, Florida.

20.     Defendant ORBITZ, LLC D/B/A GORP, ORBITZ AND/OR ORBITZ GAMES is, on information and belief, a corporation with a place of business 500 West Madison, Suite 1900 in Chicago, Illinois.

21.     Defendant ORBITZ AWAY, LLC. D/B/A GORP, ORBITZ, ORBITZ GAMES AND TRAVEL PORTAL is, on information and belief, a corporation with a place of business 500 West Madison, Suite 1900 in Chicago, Illinois.

22.     Defendant ORBITZ WORLDWIDE, INC. D/B/A GORP, ORBITZ, ORBITZ GAMES AND TRAVEL PORTAL is, on information and belief, a corporation with a place of business 500 West Madison, Suite 1900 in Chicago, Illinois.

23.     Defendant ORBITZ WORLDWIDE, LLC. D/B/A GORP, ORBITZ, ORBITZ GAMES AND TRAVEL PORTAL is, on information and belief, a corporation with a place of business 500 West Madison, Suite 1900 in Chicago, Illinois (ORBITZ LLC, ORBITZ AWAY,K LLC; ORBITZ WORLDWIDE, INC. and ORBITZ WORLDWIDE, LLC are collectively referred to as "ORBITZ").

24.     Defendant SEARS BRANDS, LLC F/K/A SEARS INTELLECTUAL PROPERTY, LLC is, on information and belief, a corporation with a place of business at 3333 Beverly Road in Hoffman Estates, Illinois.

25.     Defendant SEARS HOLDINGS CORP. is, on information and belief, a corporation with a place of business at 3333 Beverly Road in Hoffman Estates, Illinois.

26.     Defendant SEARS, ROEBUCK AND CO. D/B/A THE GREAT INDOORS is, on information and belief, a corporation with a place of business at 3333 Beverly Road in Hoffman Estates, Illinois (SEARS HOLDINGS CORP. and SEARS, ROEBUCK AND CO. are collectively referred to as "SEARS").

27.     Defendant TIME, INC. is, on information and belief, a corporation with a place of business at 1271 Avenue of the Americas in New York, New York.

28.     Defendant TOYOTA MOTOR SALES USA, INC. is, on information and belief, a corporation with a place of business at 19001 S. Western Avenue in Torrance, California.

29.     Defendant VOLKSWAGON GROUP OF AMERICA, INC. F/K/A VOLKSWAGEN OF AMERICA, INC. AND D/B/A AUDI OF AMERICA, INC. is, on information and belief, a corporation with a place of business at 2200 Ferdinand Porsche Drive in Herndon, Virginia.

## JURISDICTION AND VENUE

30.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and/or the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, on information and belief, within this state the Defendants have engaged in at least the using, or they have at least induced or contributed to the using of the accused methods and apparatuses identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from the foregoing.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to persons or entities in Texas.

31.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b).  On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, on information and belief, within this district the Defendants have engaged in at least the using, or they have at least induced or contributed to the using of the accused methods and apparatuses identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from the foregoing.  Further, on information and belief, Defendants are subject to personal jurisdiction in this District for at least the same reasons noted above with respect to personal jurisdiction within the State of Texas.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 6,446,111

32.     United States Patent No. 6,446,111 ("the '111 patent") entitled "Method and Apparatus for Client-Serve Communications Using a Limited Capability Client Over a Low Speed Communications Network" issued on September 3, 2002.

33.     Parallel Networks is the assignee of all right, title and interest in the '111 patent. Accordingly, Parallel Networks has standing to bring this lawsuit for infringement of the '111 patent.

34.     One or more claims of the '111 patent cover, inter alia, various systems and methods comprising servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

35.     On information and belief, Defendant ABERCROMBIE & FITCH CO. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.abercrombie.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

7

36.     Further, on information and belief, at least since becoming aware of the '111 patent, ABERCROMBIE & FITCH CO.  has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.abercrombie by others.

37.     Upon information and belief, any such induced infringement by ABERCROMBIE & FITCH CO. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

38.     Defendant ABERCROMBIE & FITCH CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

39.     On information and belief, Defendant AMAZON.COM, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.amazon.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

40.     Further, on information and belief, AMAZON.COM, INC. has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.amazon.com by others.

41.     Upon information and belief, any such induced infringement by AMAZON.COM, INC. comprises intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement comprises knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

42.     Defendant AMAZON.COM, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

43.     On information and belief, Defendant BLOCKBUSTER, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.blockbuster.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

44.     Further, on information and belief, at least since becoming aware of the '111 patent, BLOCKBUSTER, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.blockbuster.com by others.

45.     Upon information and belief, any such induced infringement by BLOCKBUSTER, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

46.     Defendant BLOCKBUSTER, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

47.     On information and belief, Defendant BMW OF NORTH AMERICA, LLC has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.bmwusa.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

48.     Further, on information and belief, at least since becoming aware of the '111 patent, BMW OF NORTH AMERICA, LLC has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.bmwusa.com by others.

49.     Upon information and belief, any such induced infringement by BMW OF NORTH AMERICA, LLC would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

50.     Defendant BMW OF NORTH AMERICA, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

51.     On information and belief, Defendant DELL INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.dell.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

52.     Further, on information and belief, at least since becoming aware of the '111 patent, DELL INC. has been or now is indirectly infringing by way of inducing infringement

and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.dell.com by others.

53.    Upon information and belief, any such induced infringement by DELL INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

54.    Defendant DELL INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

55.    On information and belief, Defendant DISNEY ENTERPRISES, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.disney.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

56.    Further, on information and belief, at least since becoming aware of the '111 patent, DISNEY ENTERPRISES, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of

Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.disney.com by others.

57.     Upon information and belief, any such induced infringement by DISNEY ENTERPRISES, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

58.     Defendant DISNEY ENTERPRISES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

59.     On information and belief, Defendant EBAY, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.ebay.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

60.     Further, on information and belief, at least since becoming aware of the '111 patent, EBAY INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial

district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.ebay.com by others.

61.     Upon information and belief, any such induced infringement by EBAY INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

62.     Defendant EBAY INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

63.     On information and belief, Defendant CRATE & BARREL has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.crateandbarrel.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

64.     Further, on information and belief, at least since becoming aware of the '111 patent, CRATE & BARREL has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in

this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.crateandbarrel.com by others.

65.     Upon information and belief, any such induced infringement by CRATE & BARREL would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

66.     Defendant CRATE & BARREL is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

67.     On information and belief, Defendant FORD MOTOR CO.  has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.ford.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

68.     Further, on information and belief, at least since becoming aware of the '111 patent, FORD MOTOR CO. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in

this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.ford.com by others.

69.     Upon information and belief, any such induced infringement by FORD MOTOR CO. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

70.     Defendant FORD MOTOR CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

71.     On information and belief, Defendant GAP has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.athleta.com, www.banarepublic.com, www.gap.com, www.oldnavy.com and/or www.piperlime.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

72.     Further, on information and belief, at least since becoming aware of the '111 patent, GAP has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.athleta.com, www.banarepublic.com, www.gap.com, www.oldnavy.com and/or www.piperlime.com by others.

73.     Upon information and belief, any such induced infringement by GAP would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

74.     Defendant GAP is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

75.     On information and belief, Defendant J.C. PENNEY CORPORATION, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.jcpenney.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

76.     Further, on information and belief, at least since becoming aware of the '111 patent, J.C. PENNEY CORPORATION, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of

Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.jcpenney.com by others.

77.    Upon information and belief, any such induced infringement by J.C. PENNEY CORPORATION, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

78.    Defendant J.C. PENNEY CORPORATION, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

79.    On information and belief, Defendant JPMORGAN CHASE & CO. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.chase.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

80.    Further, on information and belief, at least since becoming aware of the '111 patent, JPMORGAN CHASE & CO. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in

this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.chase.com by others.

81.     Upon information and belief, any such induced infringement by JPMORGAN CHASE & CO. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

82.     Defendant JPMORGAN CHASE & CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

83.     On information and belief, Defendant KAYAK has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.kayak.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

84.     Further, on information and belief, KAYAK has been and now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.kayak.com by others.

19

85.     Upon information and belief, any such induced infringement by KAYAK comprises intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement comprises knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

86.     Defendant KAYAK is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

87.     On information and belief, Defendant KMART CORP. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.kmart.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

88.     Further, on information and belief, at least since becoming aware of the '111 patent, KMART CORP. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.kmart.com by others.

89.     Upon information and belief, any such induced infringement by KMART CORP. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

90.     Defendant KMART CORP. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

91.     On information and belief, Defendant MAGHOUND ENTERPRISES, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.maghound.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

92.     Further, on information and belief, at least since becoming aware of the '111 patent, MAGHOUND ENTERPRISES, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.maghound.com by others.

93.     Upon information and belief, any such induced infringement by MAGHOUND ENTERPRISES, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

94.     Defendant MAGHOUND ENTERPRISES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

95.     On information and belief, Defendant NETFLIX, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.netflix.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

96.     Further, on information and belief, at least since becoming aware of the '111 patent, NETFLIX, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.netflix.com by others.

97.     Upon information and belief, any such induced infringement by NETFLIX, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

98.     Defendant NETFLIX, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

99.     On information and belief, Defendant NIKE, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.nike.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

100.    Further, on information and belief, at least since becoming aware of the '111 patent, NIKE, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.nike.com by others.

101.    Upon information and belief, any such induced infringement by NIKE, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or

abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

102.    Defendant NIKE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

103.    On information and belief, Defendant OFFICE DEPOT, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.officedepot.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

104.    Further, on information and belief, at least since becoming aware of the '111 patent, OFFICE DEPOT, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.officedepot.com by others.

105.    Upon information and belief, any such induced infringement by OFFICE DEPOT, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily

involve knowledge that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

106.    Defendant OFFICE DEPOT, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

107.    On information and belief, Defendant ORBITZ has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.gorp.com, www.orbitz.com.com and www.orbitzgames.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

108.    Further, on information and belief, at least since becoming aware of the '111 patent, ORBITZ has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.gorp.com, www.orbitz.com.com and www.orbitzgames.com by others.

109.    Upon information and belief, any such induced infringement by ORBITZ would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge

that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

110.   Defendant ORBITZ is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

111.   On information and belief, Defendant SEARS has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.craftsman.com, www.thegreatindoors.com, www.kenmore.com and/or www.sears.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

112.   Further, on information and belief, at least since becoming aware of the '111 patent, SEARS has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.craftsman.com, www.thegreatindoors.com, www.kenmore.com and/or www.sears.com by others.

113.   Upon information and belief, any such induced infringement by SEARS would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge

that such switch methods or apparatuses are especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

114.    Defendant SEARS is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

115.    Defendant TIME, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.maghound.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such applets being transferred over the communications link to the client device.

116.    Further, on information and belief, at least since becoming aware of the '111 patent, TIME, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.maghound.com by others.

117.    Upon information and belief, any such induced infringement by TIME, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are especially made or especially adapted for

use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

118.   Defendant TIME, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

119.   On information and belief, Defendant TOYOTA MOTOR SALES USA, INC. has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.toyota.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

120.   Further, on information and belief, at least since becoming aware of the '111 patent, TOYOTA MOTOR SALES USA, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.toyota.com by others.

121.   Upon information and belief, any such induced infringement by TOYOTA MOTOR SALES USA, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are

especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

122.    Defendant TOYOTA MOTOR SALES USA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

123.    On information and belief, Defendant VOLKSWAGON GROUP OF AMERICA, INC.  has been and now is infringing the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and/or using its website at www.vw.com and/or www.audiusa.com, which comprises servers which receive requests from client devices and collect data items as a function of the requests; executable applets dynamically generated by such servers in response to the client requests; constituent systems associated with such applets comprising a subset of the data items and further comprising a data interface capability configured to provide a plurality of operations; with such  applets being transferred over the communications link to the client device.

124.    Further, on information and belief, at least since becoming aware of the '111 patent, VOLKSWAGON GROUP OF AMERICA, INC. has been or now is indirectly infringing by way of inducing infringement and/or contributing to the infringement of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, including in connection with inducing or contributing to making and/or using of www.vw.com and/or www.audiusa.com by others.

125.    Upon information and belief, any such induced infringement by VOLKSWAGON GROUP OF AMERICA, INC. would necessarily involve intent for the direct infringement the '111 patent and the aiding or abetting of such infringement, and any such contributory infringement would necessarily involve knowledge that such switch methods or apparatuses are

especially made or especially adapted for use in an infringement of the '111 patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use.

126.    Defendant VOLKSWAGON GROUP OF AMERICA, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

127.    As a result of Defendants' infringing conduct, Defendants should be held liable to Parallel Networks in an amount that adequately compensates Parallel Networks for their infringement, which, by law, can be no less than a reasonable royalty.

128.    On information and belief, Defendants have had at least constructive notice of the '111 patent by operation of law, and there are no marking requirements that have not been complied with.

129.    On information and belief, at least AMAZON.COM, INC. and KAYAK's infringement of the '111 patent has been and continues to be willful, including because their infringement is clear and, at a minimum, such continued infringement would necessarily be an objectively reckless act.

130.    Parallel Networks reserves the right to take discovery regarding pre-suit notice of the '111 patent by ABERCROMBIE & FITCH CO.; BLOCKBUSTER, INC.; BMW OF NORTH AMERICA, LLC; DELL INC.; DISNEY ENTERPRISES, INC.; EBAY, INC.; CRATE & BARREL; FORD MOTOR CO.; GAP; J.C. PENNEY CORPORATION, INC.; JPMORGAN CHASE & CO.; KMART CORP.; MAGHOUND ENTERPRISES, INC.; NETFLIX, INC.; NIKE, INC.; OFFICE DEPOT, INC.; ORBITZ; SEARS; TIME, INC.; TOYOTA MOTOR SALES USA, INC. and VOLKSWAGON OF AMERICA, INC.  In any event, on information and belief, Parallel Networks contends that, at a minimum, such Defendants continuing infringement of the '111 patent during the pendency of this suit is willful, including because their

infringement is clear and, at a minimum, such continued infringement would necessarily be an objectively reckless act.

## PRAYER FOR RELIEF

WHEREFORE, Parallel Networks respectfully requests that this Court enter:

1.    A judgment in favor of Parallel Networks that Defendants have infringed, directly, jointly, and/or indirectly, by way of inducing and/or contributing to the infringement of the '111 patent;

2.    A judgment that the Defendants' infringement is and/or has been willful and objectively reckless;

3.    A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '111 patent;

4.    A judgment and order requiring Defendants to pay Parallel Networks its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '111 patent as provided under 35 U.S.C. § 284;

5.    An award to Parallel Networks for enhanced damages as provided under 35 U.S.C. § 284;

6.    A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Parallel Networks its reasonable attorneys' fees; and

7.    Any and all other relief to which Parallel Networks may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.


March 29, 2010                                         Respectfully submitted,

                                                      PARALLEL NETWORKS LLC

                                                      By: /s/ John J. Edmonds_____
                                                      John J. Edmonds – LEAD COUNSEL
                                                      Texas State Bar No. 00789758
                                                      Michael J. Collins
                                                      Texas Bar No. 04614510
                                                      Henry M. Pogorzelski
                                                      Texas Bar No. 24007852
                                                      COLLINS, EDMONDS & POGORZELSKI, PLLC
                                                      709 Sabine Street
                                                      Houston, Texas 77007
                                                      Telephone: (713) 501-3425
                                                      Facsimile: (832) 415-2535
                                                      jedmonds@cepiplaw.com
                                                      mcollins@cepiplaw.com
                                                      hpogorzelski@cepiplaw.com

                                                      Andrew W. Spangler
                                                      State Bar No. 24041960
                                                      Spangler Law P.C.
                                                      208 N. Green Street, Suite 300
                                                      Longview, Texas 75601
                                                      (903) 753-9300
                                                      (903) 553-0403 (fax)
                                                      spangler@spanglerlawpc.com

                                                      ATTORNEYS FOR PLAINTIFF
                                                      PARALLEL NETWORKS LLC