**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| PARALLEL NETWORKS, LLC, | |
| *Plaintiff,* | Civil Action No. 6:10-cv-00111-LED |
| v. | Jury Trial Demanded |
| ABERCROMBIE & FITCH CO., AMAZON.COM, INC., BRAIN BUSTERS, LLC, DISNEY ONLINE, THE GAP, INC. a/k/a GAP, INC. D/B/A ATHLETA, BANANA REPUBLIC, GAP, OLD NAVY AND PIPERLIME, IAC SEARCH & MEDIA, INC., J.C. PENNEY CORPORATION, INC., JPMORGAN CHASE & CO., KAYAK SOFTWARE CORPORATION, KMART CORPORATION, MAGHOUND ENTERPRISES, INC., NETFLIX, INC., NIKE, INC., OFFICE DEPOT, INC., ORBITZ, LLC, ORBITZ AWAY, LLC, ORBITZ WORLDWIDE, INC., ORBITZ WORLDWIDE, LLC, SEARS BRANDS, L.L.C. f/k/a SEARS INTELLECTUAL PROPERTY, L.L.C., SEARS HOLDINGS CORP., SEARS, ROEBUCK AND CO. d/b/a THE GREAT INDOORS, SHOEBUY.COM, INC., TIME, INC., TOYOTA MOTOR SALES U.S.A., INC., VOLKSWAGEN GROUP OF AMERICA, INC. F/K/A VOLKSWAGEN OF AMERICA, INC. AND D/B/A AUDI OF AMERICA, INC., WALT DISNEY PARKS AND RESORTS ONLINE, and YAHOO! INC. D/B/A FLICKR, | |
| *Defendants.* | |

**THIRD AMENDED COMPLAINT FOR PATENT INFRINGEMENT IN CIVIL ACTION
NO. 6:10-CV-00111 PRIOR TO CONSOLIDATION**

Plaintiff Parallel Networks, LLC files this Amended Complaint for Patent Infringement

against ABERCROMBIE & FITCH CO., AMAZON.COM, INC., BRAIN BUSTERS, LLC,

DISNEY ONLINE, THE GAP, INC. a/k/a GAP, INC. D/B/A ATHLETA, BANANA

REPUBLIC, GAP, OLD NAVY AND PIPERLIME, IAC SEARCH & MEDIA, INC., J.C.

PENNEY CORPORATION, INC., JPMORGAN CHASE & CO., KAYAK SOFTWARE

CORPORATION, KMART CORPORATION, MAGHOUND ENTERPRISES, INC.,

NETFLIX, INC., NIKE, INC., OFFICE DEPOT, INC., ORBITZ, LLC, ORBITZ AWAY, LLC,

ORBITZ WORLDWIDE, INC., ORBITZ WORLDWIDE, LLC, SEARS BRANDS, L.L.C. f/k/a

SEARS INTELLECTUAL PROPERTY, L.L.C., SEARS HOLDINGS CORP., SEARS,

ROEBUCK AND CO. d/b/a THE GREAT INDOORS, SHOEBUY.COM, INC., TIME, INC.,

TOYOTA MOTOR SALES U.S.A., INC., VOLKSWAGEN GROUP OF AMERICA, INC.

F/K/A VOLKSWAGEN OF AMERICA, INC. AND D/B/A AUDI OF AMERICA, INC.,

WALT DISNEY PARKS AND RESORTS ONLINE, and YAHOO! INC. D/B/A FLICKR

(collectively "Defendants").

## **THE PARTIES**

1.      Parallel Networks LLC ("Parallel Networks" or "Plaintiff") is a Texas Limited

Liability Company with its place of business at 5000 Legacy Dr., Suite 470 in Plano, Texas.

2.      On information and belief, Defendant ABERCROMBIE & FITCH CO. is a

corporation with a place of business at 6301 Fitch Path in New Albany, Ohio.

3.      On information and belief, Defendant AMAZON.COM, INC. is a corporation

with a place of business at 1200 12th Avenue South, Suite 1200 in Seattle, Washington.

4.      On information and belief, Defendant BRAIN BUSTERS, LLC is a limited

liability company with a place of business at 555 West 18th Street, 3rd Floor in New York, New

York.

5.      On information and belief, Defendant DISNEY ONLINE is a corporation with a place of business at 500 South Buena Vista Street in Burbank, California.

6.      On information and belief, Defendant THE GAP, INC. a/k/a GAP, INC. D/B/A ATHLETA, BANANA REPUBLIC, GAP, OLD NAVY AND PIPERLIME is a corporation with a place of business at Two Folsom Street in San Francisco, California.

7.      On information and belief, Defendant IAC SEARCH & MEDIA, INC. is a corporation with a place of business at 555 12th Street, 11th  Floor in Oakland, California.

8.      On information and belief, Defendant J.C. PENNEY CORPORATION, INC. is a corporation with a place of business at 6501 Legacy Drive in Plano, Texas.

9.      On information and belief, Defendant JPMORGAN CHASE & CO. is a corporation with a place of business at 270 Park Avenue in New York, New York.

10.     On information and belief, Defendant KAYAK SOFTWARE CORPORATION is a corporation with a place of business at 55 North Water Street, Suite 1 in Norwalk, Connecticut.

11.     On information and belief, Defendant KMART CORPORATION is a corporation with a place of business at 3333 Beverly Road in Hoffman Estates, Illinois.

12.     On information and belief, Defendant MAGHOUND ENTERPRISES, INC. is a corporation with a place of business at 1271 Avenue of the Americas in New York, New York.

13.     On information and belief, Defendant NETFLIX, INC. is a corporation with a place of business at 100 Winchester Circle in Los Gatos, California.

14.     On information and belief, Defendant NIKE, INC. is a corporation with a place of business at One Bowerman Drive in Beaverton, Oregon.

15.     On information and belief, Defendant OFFICE DEPOT, INC. is a corporation with a place of business at 6600 North Military Trail in Boca Raton, Florida.

16.     On information and belief, Defendant ORBITZ, LLC is a limited liability company with a place of business at 500 West Madison, Suite 1900 in Chicago, Illinois.

17.     On information and belief, Defendant ORBITZ AWAY, LLC is a limited liability company with a place of business at 500 West Madison, Suite 1900 in Chicago, Illinois.

18.     On information and belief, Defendant ORBITZ WORLDWIDE, INC. is a corporation with a place of business at 500 West Madison, Suite 1900 in Chicago, Illinois.

19.     On information and belief, Defendant ORBITZ WORLDWIDE, LLC is a limited liability company with a place of business at 500 West Madison, Suite 1900 in Chicago, Illinois.

20.     On information and belief, Defendant SEARS BRANDS, L.L.C. f/k/a SEARS INTELLECTUAL PROPERTY, L.L.C. is a limited liability company with a place of business at 3333 Beverly Road in Hoffman Estates, Illinois.

21.     On information and belief, Defendant SEARS HOLDINGS CORP. is a corporation with a place of business at 3333 Beverly Road in Hoffman Estates, Illinois.

22.     On information and belief, Defendant SEARS, ROEBUCK AND CO. d/b/a THE GREAT INDOORS is a corporation with a place of business at 3333 Beverly Road in Hoffman Estates, Illinois (SEARS HOLDINGS CORP. and SEARS, ROEBUCK AND CO. are collectively referred to as "SEARS").

23.     On information and belief, Defendant SHOEBUY.COM, INC. is a corporation with a place of business at 101 Arch Street, 16th Floor in Boston, Massachusetts.

24.     On information and belief, Defendant TIME, INC. is a corporation with a place of business at 1271 Avenue of the Americas in New York, New York.

25.     On information and belief, Defendant TOYOTA MOTOR SALES U.S.A., INC. is a corporation with a place of business at 19001 S. Western Avenue in Torrance, California.

4

26.     On information and belief, Defendant VOLKSWAGEN GROUP OF AMERICA, INC. F/K/A VOLKSWAGEN OF AMERICA, INC. AND D/B/A AUDI OF AMERICA, INC. ("VOLKSWAGEN") is a corporation with a place of business at 2200 Ferdinand Porsche Drive in Herndon, Virginia.

27.     On information and belief, Defendant WALT DISNEY PARKS AND RESORTS ONLINE is a corporation with a place of business at 500 South Buena Vista Street in Burbank, California.

28.     On information and belief, Defendant YAHOO! INC. D/B/A FLICKR ("YAHOO") is a corporation with a place of business at 701 First Avenue in Sunnyvale, California.

## JURISDICTION AND VENUE

29.     This action arises under the patent laws of the United States, Title 35 of the United States Code.  This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).  On information and belief, Defendants are subject to this Court's specific and general personal jurisdiction, pursuant to due process and the Texas Long Arm Statute, due at least to their substantial business in this forum, including at least a portion of the infringements alleged herein.  Without limitation, on information and belief, within this state the Defendants have made and used the patented invention and have induced and contributed to that infringement with the systems identified herein below.  In addition, on information and belief, Defendants have derived substantial revenues from their infringing acts.  Further, on information and belief, Defendants are subject to the Court's general jurisdiction, including from regularly doing or soliciting business, engaging in other persistent courses of conduct, and deriving substantial revenue from goods and services provided to persons or entities in Texas.  Further, on

information and belief, Defendants are subject to the Court's personal jurisdiction at least due to their interactive websites accessible from Texas.

30.     Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c) and 1400(b). On information and belief, from and within this Judicial District each Defendant has committed at least a portion of the infringements at issue in this case.  Without limitation, on information and belief, within this district the Defendants have engaged in, contributed to, and induced the infringing acts identified in this Complaint.  In addition, on information and belief, Defendants have derived substantial revenues from their infringing acts and are subject to personal jurisdiction in this District for at least the reasons identified above with respect to personal jurisdiction within the State of Texas.  Further, on information and belief, Defendants are subject to the Court's personal jurisdiction in this District at least due to their interactive websites accessible from this District.

### COUNT I
### INFRINGEMENT OF U.S. PATENT NO. 6,446,111

31.     United States Patent No. 6,446,111 ("the '111 patent") entitled "Method and Apparatus for Client-Server Communication Using a Limited Capability Client Over a Low-Speed Communications Link" issued on September 3, 2002.

32.     Parallel Networks is the assignee of all right, title and interest in the '111 patent. Accordingly, Parallel Networks has standing to bring this lawsuit for infringement of the '111 patent.

33.     At least one claim of the '111 patent covers, *inter alia*, various systems and methods comprising a server coupled to a communications link that receives a request from a client device and collects data items as a function of the request; an executable applet dynamically generated by the server in response to the client request; a constituent system

associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with the applet operable to be transferred over the communications link to the client device.

34.     On information and belief, Defendant ABERCROMBIE & FITCH CO. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.abercrombie.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

35.     On information and belief, since becoming aware of the '111 patent, ABERCROMBIE & FITCH CO. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.abercrombie.com for use by ABERCROMBIE & FITCH CO.'s clients. ABERCROMBIE & FITCH CO. is a direct and indirect infringer, and its clients using www.abercrombie.com are direct infringers.

36.     On information and belief, since becoming aware of the '111 patent, ABERCROMBIE & FITCH CO. is and has been committing the act of inducing infringement by

7

specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, ABERCROMBIE & FITCH CO. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ABERCROMBIE & FITCH CO. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

37.     Defendant ABERCROMBIE & FITCH CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

38.     On information and belief, Defendant AMAZON.COM, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.amazon.com, www.alexa.com, and www.A9.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

39.     On information and belief, since becoming aware of the '111 patent, AMAZON.COM, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the

State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.amazon.com, www.alexa.com, and www.A9.com for use by AMAZON.COM, INC.'s clients.  AMAZON.COM, INC. is a direct and indirect infringer, and its clients using www.amazon.com, www.alexa.com, and www.A9.com are direct infringers.

40.    On information and belief, since becoming aware of the '111 patent, AMAZON.COM, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, AMAZON.COM, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent. On information and belief, AMAZON.COM, INC. is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

41.    Defendant AMAZON.COM, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

42.    On information and belief, Defendant BRAIN BUSTERS, LLC has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.bustedtees.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system

comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

43.    On information and belief, since becoming aware of the '111 patent, BRAIN BUSTERS, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.bustedtees.com for use by BRAIN BUSTERS, LLC's clients.  BRAIN BUSTERS, LLC is a direct and indirect infringer, and its clients using www.bustedtees.com are direct infringers.

44.    On information and belief, since becoming aware of the '111 patent, BRAIN BUSTERS, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, BRAIN BUSTERS, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, BRAIN BUSTERS, LLC is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

45.    Defendant BRAIN BUSTERS, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

46.    On information and belief, Defendant DISNEY ONLINE has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and

10

elsewhere in the United States, by actions comprising making and using its websites at www.disney.go.com, including without limitation disneyparks.disney.go.com and disneyland.disney.go.com, www.piratesonline.com, www.toontown.com, www.family.com, www.familyfun.com, and www.babyzone.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

47.     On information and belief, since becoming aware of the '111 patent, DISNEY ONLINE has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.disney.go.com, including without limitation disneyparks.disney.go.com and disneyland.disney.go.com, www.piratesonline.com, www.toontown.com, www.family.com, www.familyfun.com, and www.babyzone.com for use by DISNEY ONLINE's clients.  DISNEY ONLINE is a direct and indirect infringer, and its clients using www.disney.go.com, including without limitation disneyparks.disney.go.com and disneyland.disney.go.com, www.piratesonline.com, www.toontown.com, www.family.com, www.familyfun.com, and www.babyzone.com are direct infringers.

48.     On information and belief, since becoming aware of the '111 patent, DISNEY ONLINE is and has been committing the act of inducing infringement by specifically intending

to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, DISNEY ONLINE knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, DISNEY ONLINE is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

49.     Defendant DISNEY ONLINE is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

50.     On information and belief, Defendant THE GAP, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.gap.com, including without limitation athleta.gap.com (redirect from www.athleta.com), bananarepublic.gap.com (redirect from www.bananarepublic.com), oldnavy.gap.com (redirect from www.oldnavy.com), and piperlime.gap.com (redirect from www.piperlime.com), and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

12

51.     On information and belief, since becoming aware of the '111 patent, THE GAP, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.gap.com, including without limitation athleta.gap.com (redirect from www.athleta.com), bananarepublic.gap.com (redirect from www.bananarepublic.com), oldnavy.gap.com (redirect from www.oldnavy.com), and piperlime.gap.com (redirect from www.piperlime.com) for use by THE GAP, INC.'s clients. THE GAP, INC. is a direct and indirect infringer, and its clients using www.gap.com, including without limitation athleta.gap.com (redirect from www.athleta.com), bananarepublic.gap.com (redirect from www.bananarepublic.com), oldnavy.gap.com (redirect from www.oldnavy.com), and piperlime.gap.com (redirect from www.piperlime.com) are direct infringers.

52.     On information and belief, since becoming aware of the '111 patent, THE GAP, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, THE GAP, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, THE GAP, INC. is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

53.     Defendant THE GAP, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

54.     On information and belief, Defendant IAC SEARCH & MEDIA, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.ask.com, www.bustedtees.com, www.outletbuy.com, www.shoebuy.com, www.clothesbuy.com, and www.bagsbuy.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

55.     On information and belief, since becoming aware of the '111 patent, IAC SEARCH & MEDIA, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.ask.com, www.bustedtees.com, www.outletbuy.com, www.shoebuy.com, www.clothesbuy.com, and www.bagsbuy.com for use by IAC SEARCH & MEDIA, INC.'s clients.  IAC SEARCH & MEDIA, INC. is a direct and indirect infringer, and its clients using www.ask.com, www.bustedtees.com, www.outletbuy.com, www.shoebuy.com, www.clothesbuy.com, and www.bagsbuy.com are direct infringers.

56.     On information and belief, since becoming aware of the '111 patent, IAC SEARCH & MEDIA, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients

14

and by aiding and abetting their use.  On information and belief, IAC SEARCH & MEDIA, INC.

knew or should have known that through its acts it was and is inducing infringement of the '111

patent.  On information and belief, IAC SEARCH & MEDIA, INC. is and has been committing

the act of contributory infringement by intending to provide the identified websites to its clients

knowing that they are a material part of the invention, knowing that their use was made and

adapted for infringement of the '111 patent, and further knowing that the systems are not staple

articles or commodities of commerce suitable for substantially noninfringing use.

57.     Defendant IAC SEARCH & MEDIA, INC. is thus liable for infringement of the

'111 patent pursuant to 35 U.S.C. § 271.

58.     On information and belief, Defendant J.C. PENNEY CORPORATION, INC. has

been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by actions comprising making and using its

website at www.jcpenney.com, which comprises a server coupled to a communications link that

receives a request from a client device and collects data items as a function of the requests; an

executable applet dynamically generated by the server in response to the client request; a

constituent system associated with the applet comprising a subset of the data items and a further

constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred

over the communications link to the client device.

59.     On information and belief, since becoming aware of the '111 patent, J.C.

PENNEY CORPORATION, INC. has been and is now indirectly infringing by way of inducing

infringement and contributing to the infringement of at least claim 1 of the '111 patent in the

State of Texas, in this judicial district, and elsewhere in the United States, by providing the

website www.jcpenney.com for use by J.C. PENNEY CORPORATION, INC.'s clients.  J.C.

PENNEY CORPORATION, INC. is a direct and indirect infringer, and its clients using

www.jcpenney.com are direct infringers.

60.     On information and belief, since becoming aware of the '111 patent, J.C.

PENNEY CORPORATION, INC. is and has been committing the act of inducing infringement

by specifically intending to induce infringement by providing the identified website to its clients

and by aiding and abetting its use.  On information and belief, J.C. PENNEY CORPORATION,

INC. knew or should have known that through its acts it was and is inducing infringement of the

'111 patent.  On information and belief, J.C. PENNEY CORPORATION, INC. is and has been

committing the act of contributory infringement by intending to provide the identified website to

its clients knowing that it is a material part of the invention, knowing that its use was made and

adapted for infringement of the '111 patent, and further knowing that the system is not a staple

article or commodity of commerce suitable for substantially noninfringing use.

61.     Defendant J.C. PENNEY CORPORATION, INC. is thus liable for infringement

of the '111 patent pursuant to 35 U.S.C. § 271.

62.     On information and belief, Defendant JPMORGAN CHASE & CO. has been and

now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by actions comprising making and using its website at

www.chase.com, which comprises a server coupled to a communications link that receives a

request from a client device and collects data items as a function of the requests; an executable

applet dynamically generated by the server in response to the client request; a constituent system

associated with the applet comprising a subset of the data items and a further constituent system

comprising a data interface capability configured to provide a plurality of operations associated

with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

63.     On information and belief, since becoming aware of the '111 patent, JPMORGAN CHASE & CO. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.chase.com for use by JPMORGAN CHASE & CO.'s clients.  JPMORGAN CHASE & CO. is a direct and indirect infringer, and its clients using www.chase.com are direct infringers.

64.     On information and belief, since becoming aware of the '111 patent, JPMORGAN CHASE & CO. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, JPMORGAN CHASE & CO. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, JPMORGAN CHASE & CO. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

65.     Defendant JPMORGAN CHASE & CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

66.     On information and belief, Defendant KAYAK SOFTWARE CORPORATION has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this

judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.kayak.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

67.     On information and belief, since becoming aware of the '111 patent, KAYAK SOFTWARE CORPORATION has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.kayak.com for use by KAYAK SOFTWARE CORPORATION's clients. KAYAK SOFTWARE CORPORATION is a direct and indirect infringer, and its clients using www.kayak.com are direct infringers.

68.     On information and belief, since becoming aware of the '111 patent, KAYAK SOFTWARE CORPORATION is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, KAYAK SOFTWARE CORPORATION knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, KAYAK SOFTWARE CORPORATION is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention,

knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

69.     Defendant KAYAK SOFTWARE CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

70.     On information and belief, Defendant KMART CORPORATION has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.kmart.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, and www.landsend.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

71.     On information and belief, since becoming aware of the '111 patent, KMART CORPORATION has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.kmart.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, and www.landsend.com for use by KMART CORPORATION's clients.  KMART CORPORATION is a direct and

indirect infringer, and its clients using www.kmart.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, and www.landsend.com are direct infringers.

72.     On information and belief, since becoming aware of the '111 patent, KMART CORPORATION is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, KMART CORPORATION knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, KMART CORPORATION is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

73.     Defendant KMART CORPORATION is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

74.     On information and belief, Defendant MAGHOUND ENTERPRISES, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.maghound.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

75.     On information and belief, since becoming aware of the '111 patent, MAGHOUND ENTERPRISES, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.maghound.com for use by MAGHOUND ENTERPRISES, INC.'s clients. MAGHOUND ENTERPRISES, INC. is a direct and indirect infringer, and its clients using www.maghound.com are direct infringers.

76.     On information and belief, since becoming aware of the '111 patent, MAGHOUND ENTERPRISES, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, MAGHOUND ENTERPRISES, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, MAGHOUND ENTERPRISES, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

77.     Defendant MAGHOUND ENTERPRISES, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

78.     On information and belief, Defendant NETFLIX, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.netflix.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

79.     On information and belief, since becoming aware of the '111 patent, NETFLIX, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.netflix.com for use by NETFLIX, INC.'s clients.  NETFLIX, INC. is a direct and indirect infringer, and its clients using www.netflix.com are direct infringers.

80.     On information and belief, since becoming aware of the '111 patent, NETFLIX, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, NETFLIX, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, NETFLIX, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention,

22

knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

81.     Defendant NETFLIX, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

82.     On information and belief, Defendant NIKE, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.nike.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

83.     On information and belief, since becoming aware of the '111 patent, NIKE, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.nike.com for use by NIKE, INC.'s clients.  NIKE, INC. is a direct and indirect infringer, and its clients using www.nike.com are direct infringers.

84.     On information and belief, since becoming aware of the '111 patent, NIKE, INC. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.

On information and belief, NIKE, INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, NIKE, INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

85.     Defendant NIKE, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

86.     On information and belief, Defendant OFFICE DEPOT, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.officedepot.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

87.     On information and belief, since becoming aware of the '111 patent, OFFICE DEPOT, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website

www.officedepot.com for use by OFFICE DEPOT, INC.'s clients.  OFFICE DEPOT, INC. is a

direct and indirect infringer, and its clients using www.officedepot.com are direct infringers.

88.     On information and belief, since becoming aware of the '111 patent, OFFICE

DEPOT, INC. is and has been committing the act of inducing infringement by specifically

intending to induce infringement by providing the identified website to its clients and by aiding

and abetting its use.  On information and belief, OFFICE DEPOT, INC. knew or should have

known that through its acts it was and is inducing infringement of the '111 patent.  On

information and belief, OFFICE DEPOT, INC. is and has been committing the act of

contributory infringement by intending to provide the identified website to its clients knowing

that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or

commodity of commerce suitable for substantially noninfringing use.

89.     Defendant OFFICE DEPOT, INC. is thus liable for infringement of the '111

patent pursuant to 35 U.S.C. § 271.

90.     On information and belief, Defendant ORBITZ, LLC has been and now is

infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and

elsewhere in the United States, by actions comprising making and using its websites at

www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com,

www.orbitz.com, and www.trip.com, and each website comprises a server coupled to a

communications link that receives a request from a client device and collects data items as a

function of the requests; an executable applet dynamically generated by the server in response to

the client request; a constituent system associated with the applet comprising a subset of the data

items and a further constituent system comprising a data interface capability configured to

provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

91.     On information and belief, since becoming aware of the '111 patent, ORBITZ, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com, www.orbitz.com, and www.trip.com for use by ORBITZ, LLC's clients.  ORBITZ, LLC is a direct and indirect infringer, and its clients using www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com, www.orbitz.com, and www.trip.com are direct infringers.

92.     On information and belief, since becoming aware of the '111 patent, ORBITZ, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, ORBITZ, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ORBITZ, LLC is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

93.     Defendant ORBITZ, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

94.     On information and belief, Defendant ORBITZ AWAY, LLC has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com, www.orbitz.com, and www.trip.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

95.     On information and belief, since becoming aware of the '111 patent, ORBITZ AWAY, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com, www.orbitz.com, and www.trip.com for use by ORBITZ AWAY, LLC's clients.  ORBITZ AWAY, LLC is a direct and indirect infringer, and its clients using www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com, www.orbitz.com, and www.trip.com are direct infringers.

96.     On information and belief, since becoming aware of the '111 patent, ORBITZ AWAY, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding

and abetting their use.  On information and belief, ORBITZ AWAY, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ORBITZ AWAY, LLC is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

97.     Defendant ORBITZ AWAY, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

98.     On information and belief, Defendant ORBITZ WORLDWIDE, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com, www.orbitz.com, and www.trip.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

99.     On information and belief, since becoming aware of the '111 patent, ORBITZ WORLDWIDE, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in

this judicial district, and elsewhere in the United States, by providing the websites
www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com,
www.orbitz.com, and www.trip.com for use by ORBITZ WORLDWIDE, INC.'s clients.
ORBITZ WORLDWIDE, INC. is a direct and indirect infringer, and its clients using
www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com,
www.orbitz.com, and www.trip.com are direct infringers.

100.    On information and belief, since becoming aware of the '111 patent, ORBITZ
WORLDWIDE, INC. is and has been committing the act of inducing infringement by
specifically intending to induce infringement by providing the identified websites to its clients
and by aiding and abetting their use.  On information and belief, ORBITZ WORLDWIDE, INC.
knew or should have known that through its acts it was and is inducing infringement of the '111
patent.  On information and belief, ORBITZ WORLDWIDE, INC. is and has been committing
the act of contributory infringement by intending to provide the identified websites to its clients
knowing that they are a material part of the invention, knowing that their use was made and
adapted for infringement of the '111 patent, and further knowing that the systems are not staple
articles or commodities of commerce suitable for substantially noninfringing use.

101.    Defendant ORBITZ WORLDWIDE, INC. is thus liable for infringement of the
'111 patent pursuant to 35 U.S.C. § 271.

102.    On information and belief, Defendant ORBITZ WORLDWIDE, LLC has been
and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial
district, and elsewhere in the United States, by actions comprising making and using its websites
at www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com,
www.orbitz.com, and www.trip.com, and each website comprises a server coupled to a

communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

103.   On information and belief, since becoming aware of the '111 patent, ORBITZ WORLDWIDE, LLC has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com, www.orbitz.com, and www.trip.com for use by ORBITZ WORLDWIDE, LLC's clients. ORBITZ WORLDWIDE, LLC is a direct and indirect infringer, and its clients using www.adventurefinder.com, www.cheaptickets.com, www.ebookers.com, www.gorp.com, www.orbitz.com, and www.trip.com are direct infringers.

104.   On information and belief, since becoming aware of the '111 patent, ORBITZ WORLDWIDE, LLC is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, ORBITZ WORLDWIDE, LLC knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, ORBITZ WORLDWIDE, LLC is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and

adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

105.   Defendant ORBITZ WORLDWIDE, LLC is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

106.   On information and belief, Defendant SEARS BRANDS, L.L.C. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.sears.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, www.landsend.com, and www.searspartsdirect.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

107.   On information and belief, since becoming aware of the '111 patent, SEARS BRANDS, L.L.C. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.sears.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, www.landsend.com, and www.searspartsdirect.com for use by SEARS BRANDS, L.L.C.'s clients.  SEARS BRANDS, L.L.C. is a direct and indirect infringer, and its clients using www.sears.com,

www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, www.landsend.com, and

www.searspartsdirect.com are direct infringers.

108.    On information and belief, since becoming aware of the '111 patent, SEARS

BRANDS, L.L.C. is and has been committing the act of inducing infringement by specifically

intending to induce infringement by providing the identified websites to its clients and by aiding

and abetting their use.  On information and belief, SEARS BRANDS, L.L.C. knew or should

have known that through its acts it was and is inducing infringement of the '111 patent.  On

information and belief, SEARS BRANDS, L.L.C. is and has been committing the act of

contributory infringement by intending to provide the identified websites to its clients knowing

that they are a material part of the invention, knowing that their use was made and adapted for

infringement of the '111 patent, and further knowing that the systems are not staple articles or

commodities of commerce suitable for substantially noninfringing use.

109.    Defendant SEARS BRANDS, L.L.C. is thus liable for infringement of the '111

patent pursuant to 35 U.S.C. § 271.

110.    On information and belief, Defendant SEARS HOLDINGS CORP. has been and

now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district,

and elsewhere in the United States, by actions comprising making and using its websites at

www.sears.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com,

www.landsend.com, and www.searspartsdirect.com, and each website comprises a server

coupled to a communications link that receives a request from a client device and collects data

items as a function of the requests; an executable applet dynamically generated by the server in

response to the client request; a constituent system associated with the applet comprising a subset

of the data items and a further constituent system comprising a data interface capability

configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

111.    On information and belief, since becoming aware of the '111 patent, SEARS HOLDINGS CORP. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.sears.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, www.landsend.com, and www.searspartsdirect.com for use by SEARS HOLDINGS CORP.'s clients.  SEARS HOLDINGS CORP. is a direct and indirect infringer, and its clients using www.sears.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, www.landsend.com, and www.searspartsdirect.com are direct infringers.

112.    On information and belief, since becoming aware of the '111 patent, SEARS HOLDINGS CORP. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, SEARS HOLDINGS CORP. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, SEARS HOLDINGS CORP. is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

113.    Defendant SEARS HOLDINGS CORP. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

114.    On information and belief, Defendant SEARS, ROEBUCK AND CO. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.sears.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, www.landsend.com, and www.searspartsdirect.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

115.    On information and belief, since becoming aware of the '111 patent, SEARS, ROEBUCK AND CO. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.sears.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, www.landsend.com, and www.searspartsdirect.com for use by SEARS, ROEBUCK AND CO.'s clients.  SEARS, ROEBUCK AND CO. is a direct and indirect infringer, and its clients using www.sears.com, www.craftsman.com, www.kenmore.com, www.thegreatindoors.com, www.landsend.com, and www.searspartsdirect.com are direct infringers.

116.    On information and belief, since becoming aware of the '111 patent, SEARS, ROEBUCK AND CO. is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients

34

and by aiding and abetting their use.  On information and belief, SEARS, ROEBUCK AND CO. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, SEARS, ROEBUCK AND CO. is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

117.    Defendant SEARS, ROEBUCK AND CO. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

118.    On information and belief, Defendant SHOEBUY.COM, INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.shoebuy.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

119.    On information and belief, since becoming aware of the '111 patent, SHOEBUY.COM, INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the

website www.shoebuy.com for use by SHOEBUY.COM, INC.'s clients.  SHOEBUY.COM,

INC. is a direct and indirect infringer, and its clients using www.shoebuy.com are direct

infringers.

120.    On information and belief, since becoming aware of the '111 patent,

SHOEBUY.COM, INC. is and has been committing the act of inducing infringement by

specifically intending to induce infringement by providing the identified website to its clients

and by aiding and abetting its use.  On information and belief, SHOEBUY.COM, INC. knew or

should have known that through its acts it was and is inducing infringement of the '111 patent.

On information and belief, SHOEBUY.COM, INC. is and has been committing the act of

contributory infringement by intending to provide the identified website to its clients knowing

that it is a material part of the invention, knowing that its use was made and adapted for

infringement of the '111 patent, and further knowing that the system is not a staple article or

commodity of commerce suitable for substantially noninfringing use.

121.    Defendant SHOEBUY.COM, INC. is thus liable for infringement of the '111

patent pursuant to 35 U.S.C. § 271.

122.    On information and belief, Defendant TIME, INC. has been and now is infringing

at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in

the United States, by actions comprising making and using its websites at www.maghound.com,

www.coastalliving.com, www.cookinglight.com, www.myhomeideas.com, www.ew.com,

www.essence.com, www.instyle.com, www.life.com, www.carblovers.com, and

www.stylefeeder.com, and each website comprises a server coupled to a communications link

that receives a request from a client device and collects data items as a function of the requests;

an executable applet dynamically generated by the server in response to the client request; a

36

constituent system associated with the applet comprising a subset of the data items and a further

constituent system comprising a data interface capability configured to provide a plurality of

operations associated with the subset of data items; with such applet operable to be transferred

over the communications link to the client device.

123.    On information and belief, since becoming aware of the '111 patent, TIME, INC.

has been and is now indirectly infringing by way of inducing infringement and contributing to

the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial

district, and elsewhere in the United States, by providing the websites www.maghound.com,

www.coastalliving.com, www.cookinglight.com, www.myhomeideas.com, www.ew.com,

www.essence.com, www.instyle.com, www.life.com, www.carblovers.com, and

www.stylefeeder.com for use by TIME, INC.'s clients.  TIME, INC. is a direct and indirect

infringer, and its clients using www.maghound.com, www.coastalliving.com,

www.cookinglight.com, www.myhomeideas.com, www.ew.com, www.essence.com,

www.instyle.com, www.life.com, www.carblovers.com, and www.stylefeeder.com are direct

infringers.

124.    On information and belief, since becoming aware of the '111 patent, TIME, INC.

is and has been committing the act of inducing infringement by specifically intending to induce

infringement by providing the identified websites to its clients and by aiding and abetting their

use.  On information and belief, TIME, INC. knew or should have known that through its acts it

was and is inducing infringement of the '111 patent.  On information and belief, TIME, INC. is

and has been committing the act of contributory infringement by intending to provide the

identified websites to its clients knowing that they are a material part of the invention, knowing

that their use was made and adapted for infringement of the '111 patent, and further knowing

that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

125.    Defendant TIME, INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

126.    On information and belief, Defendant TOYOTA MOTOR SALES U.S.A., INC. has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its website at www.toyota.com, which comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

127.    On information and belief, since becoming aware of the '111 patent, TOYOTA MOTOR SALES U.S.A., INC. has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the website www.toyota.com for use by TOYOTA MOTOR SALES U.S.A., INC.'s clients. TOYOTA MOTOR SALES U.S.A., INC. is a direct and indirect infringer, and its clients using www.toyota.com are direct infringers.

128.    On information and belief, since becoming aware of the '111 patent, TOYOTA MOTOR SALES U.S.A., INC. is and has been committing the act of inducing infringement by

specifically intending to induce infringement by providing the identified website to its clients and by aiding and abetting its use.  On information and belief, TOYOTA MOTOR SALES U.S.A., INC. knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, TOYOTA MOTOR SALES U.S.A., INC. is and has been committing the act of contributory infringement by intending to provide the identified website to its clients knowing that it is a material part of the invention, knowing that its use was made and adapted for infringement of the '111 patent, and further knowing that the system is not a staple article or commodity of commerce suitable for substantially noninfringing use.

129.    Defendant TOYOTA MOTOR SALES U.S.A., INC. is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

130.    On information and belief, Defendant VOLKSWAGEN has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.audiusa.com and www.vw.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

131.    On information and belief, since becoming aware of the '111 patent, VOLKSWAGEN has been and is now indirectly infringing by way of inducing infringement and

contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.audiusa.com and www.vw.com for use by VOLKSWAGEN's clients.  VOLKSWAGEN is a direct and indirect infringer, and its clients using www.audiusa.com and www.vw.com are direct infringers.

132.    On information and belief, since becoming aware of the '111 patent, VOLKSWAGEN is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, VOLKSWAGEN knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, VOLKSWAGEN is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

133.    Defendant VOLKSWAGEN is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

134.    On information and belief, Defendant WALT DISNEY PARKS AND RESORTS ONLINE has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.disney.go.com, including without limitation disneyparks.disney.go.com and disneyland.disney.go.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in

response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

135.    On information and belief, since becoming aware of the '111 patent, WALT DISNEY PARKS AND RESORTS ONLINE has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.disney.go.com, including without limitation disneyparks.disney.go.com and disneyland.disney.go.com for use by WALT DISNEY PARKS AND RESORTS ONLINE's clients.  WALT DISNEY PARKS AND RESORTS ONLINE is a direct and indirect infringer, and its clients using www.disney.go.com, including without limitation disneyparks.disney.go.com and disneyland.disney.go.com are direct infringers.

136.    On information and belief, since becoming aware of the '111 patent, WALT DISNEY PARKS AND RESORTS ONLINE is and has been committing the act of inducing infringement by specifically intending to induce infringement by providing the identified websites to its clients and by aiding and abetting their use.  On information and belief, WALT DISNEY PARKS AND RESORTS ONLINE knew or should have known that through its acts it was and is inducing infringement of the '111 patent.  On information and belief, WALT DISNEY PARKS AND RESORTS ONLINE is and has been committing the act of contributory infringement by intending to provide the identified websites to its clients knowing that they are a material part of the invention, knowing that their use was made and adapted for infringement of

41

the '111 patent, and further knowing that the systems are not staple articles or commodities of commerce suitable for substantially noninfringing use.

137.    Defendant WALT DISNEY PARKS AND RESORTS ONLINE is thus liable for infringement of the '111 patent pursuant to 35 U.S.C. § 271.

138.    On information and belief, Defendant YAHOO has been and now is infringing at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by actions comprising making and using its websites at www.flickr.com and www.yahoo.com, including without limitation us.yahoo.com, deals.yahoo.com, games.yahoo.com, mail.yahoo.com, maps.yahoo.com, music.yahoo.com, omg.yahoo.com, realestate.yahoo.com, shine.yahoo.com, sports.yahoo.com, and search.yahoo.com, and each website comprises a server coupled to a communications link that receives a request from a client device and collects data items as a function of the requests; an executable applet dynamically generated by the server in response to the client request; a constituent system associated with the applet comprising a subset of the data items and a further constituent system comprising a data interface capability configured to provide a plurality of operations associated with the subset of data items; with such applet operable to be transferred over the communications link to the client device.

139.    On information and belief, since becoming aware of the '111 patent, YAHOO has been and is now indirectly infringing by way of inducing infringement and contributing to the infringement of at least claim 1 of the '111 patent in the State of Texas, in this judicial district, and elsewhere in the United States, by providing the websites www.flickr.com and www.yahoo.com, including without limitation us.yahoo.com, deals.yahoo.com, games.yahoo.com, mail.yahoo.com, maps.yahoo.com, music.yahoo.com, omg.yahoo.com,

realestate.yahoo.com, shine.yahoo.com, sports.yahoo.com, and search.yahoo.com for use by

YAHOO's clients.  YAHOO is a direct and indirect infringer, and its clients using

www.flickr.com and www.yahoo.com, including without limitation us.yahoo.com,

deals.yahoo.com, games.yahoo.com, mail.yahoo.com, maps.yahoo.com, music.yahoo.com,

omg.yahoo.com, realestate.yahoo.com, shine.yahoo.com, sports.yahoo.com, and

search.yahoo.com are direct infringers.

140.    On information and belief, since becoming aware of the '111 patent, YAHOO is

and has been committing the act of inducing infringement by specifically intending to induce

infringement by providing the identified websites to its clients and by aiding and abetting their

use.  On information and belief, YAHOO knew or should have known that through its acts it was

and is inducing infringement of the '111 patent.  On information and belief, YAHOO is and has

been committing the act of contributory infringement by intending to provide the identified

websites to its clients knowing that they are a material part of the invention, knowing that their

use was made and adapted for infringement of the '111 patent, and further knowing that the

systems are not staple articles or commodities of commerce suitable for substantially

noninfringing use.

141.    Defendant YAHOO is thus liable for infringement of the '111 patent pursuant to

35 U.S.C. § 271.

### COUNT II
### WILLFUL INFRINGEMENT

142.    On information and belief, prior to the filing of the complaint, Defendants'

infringement was willful and continues to be willful.  On information and belief, prior to the

filing of this Complaint, Defendants were aware of the '111 patent and knew or should have

known that Defendants were infringing at least claim 1 of the '111 patent.  On information and

belief, Defendants in their infringing activities acted as they did despite an objectively high likelihood that their actions constituted infringement of a valid patent.  The Defendants' infringing activities were intentional and willful in that the risk of infringement was known to Defendants or was so obvious that it should have been known to Defendants.

## PRAYER FOR RELIEF

WHEREFORE, Parallel Networks respectfully requests that this Court enter:

a) A judgment in favor of Parallel Networks that Defendants have infringed, directly, jointly, and indirectly, by way of inducing and contributing to the infringement of the '111 patent;

b) A judgment that the Defendants' infringement is and has been willful and objectively reckless;

c) A permanent injunction enjoining Defendants, and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the '111 patent;

d) A judgment and order requiring Defendants to pay Parallel Networks its damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the '111 patent as provided under 35 U.S.C. § 284;

e) An award to Parallel Networks for enhanced damages as provided under 35 U.S.C. § 284;

f) A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Parallel Networks its reasonable attorneys' fees; and

g)  Any and all other relief to which Parallel Networks may show itself to be entitled.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

Dated:  March 25, 2011                                       Respectfully submitted,

                                                            By:   */s/ Charles Craig Tadlock*
                                                            Charles Craig "Craig" Tadlock
                                                            State Bar No. 00791766
                                                            Tadlock Law Firm PLLC
                                                            315 North Broadway
                                                            Suite 307
                                                            Tyler, TX 75702
                                                            Telephone: (903) 283-2758
                                                            Email: craig@tadlocklawfirm.com

                                                            George S. Bosy
                                                            David R. Bennett
                                                            Bosy & Bennett
                                                            300 North LaSalle Street
                                                            49th Floor
                                                            Chicago, IL 60654
                                                            Telephone: (312) 803-0437
                                                            Email: gbosy@bosybennett.com
                                                                       dbennett@bosybennett.com

                                                            ATTORNEYS FOR PLAINTIFF
                                                            PARALLEL NETWORKS, LLC

## CERTIFICATE OF SERVICE

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served this 25th of March, 2011, with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by electronic mail, facsimile transmission and/or first class mail on this same date.

                                            */s/ Charles Craig Tadlock*
                                            One of the Attorneys for Parallel Networks, LLC